THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 2:12-cr-00025-MR-WCM-3
CRIMINAL CASE NO. 1:18-cr-00039-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>JASON STAMEY, )<br>)<br>Defendant. )<br>_____ ) | O R D E R |

**THIS MATTER** is before the Court on the Defendant's letter [Criminal Case No. 2:12-cr-00025-MR-WCM-3 ("CR1"), Doc. 155; Criminal Case No. 1:18-cr-00039-MR-WCM-1 ("CR2"), Doc. 40], which the Court construes as a motion for a release of detainer.

The Defendant pled guilty in this Court to one count of conspiracy to possess with intent to distribute methamphetamine and was sentenced in October 2013 to 70 months' imprisonment and five years of supervised release. [CR1 Doc. 51]. Following his release from prison, the Defendant was charged with a number of new law violations on February 18, 2018. [See CR1 Doc. 121]. These offenses resulted in both a number of state

charges [CR2 Doc. 33: PSR at ¶ 54], as well as new federal charges [CR2 Doc. 1]. Additionally, the Defendant was charged with violating the terms of his supervised release as a result of these new law violations. [CR1 Doc. 121]. The Defendant admitted to the supervised release violation, and in December 2018, he was sentenced to a term of 30 months' imprisonment to be served consecutively to any undischarged term of imprisonment imposed by any court. [CR1 Doc. 142].

In February 2019, the Defendant was convicted in state court of the new law violations. He was sentenced to a term of nine years and four months.[1] Finally, the Defendant pled guilty to the new federal violation, and in June 2019, he was sentenced to a term of 88 months' imprisonment. In sentencing the Defendant, the Court further ordered that the term of imprisonment imposed by this new federal judgment would run: (1) concurrently with the state court sentence imposed for the new state law violations; (2) concurrently with 12 months of the sentence imposed for the supervised release violation; (3) consecutively to the remaining 18 months of that supervised release judgment; and (4) consecutively to any other

---

[1] See North Carolina Department of Public Safety Offender Public Information, https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1162050&searchLastName=stamey&searchFirstName=jason&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited July 13, 2020).

2

undischarged term of imprisonment heretofore or hereafter imposed by any court.  [CR2 Doc. 37].

In his motion, the Defendant asks for the release of the federal detainer placed on him as a result of the aforementioned federal judgments. Specifically, the Defendant asserts that the detainer is unnecessary because each of these federal sentences were supposed to run concurrently to his state sentence, and thus he will be entitled to be released when his state sentence has been served.  [Doc. 40].  As can be seen by the procedural history outlined above, however, the Defendant is in fact subject to a consecutive sentence for his supervised release violation.  As such, the federal detainer is proper.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Criminal Case No. 2:12-cr-00025-MR-WCM-3 ("CR1"), Doc. 155; Criminal Case No. 1:18-cr-00039-MR-WCM-1 ("CR2"), Doc. 40], which the Court construes as a motion for a release of detainer, is **DENIED**.

**IT IS SO ORDERED.**

Signed: July 17, 2020

Martin Reidinger
Chief United States District Judge